# RASHER v. RASHER.

[No. 8,429. Filed October 14, 1914.]

1. DIVORCE.—Cruel Treatment.—Sufficiency of Evidence.—The testimony of plaintiff and her daughter showing that defendant had frequently used harsh, abusive, profane and opprobrious language toward plaintiff, had laid violent hands upon her and had offered to strike her, and in the presence of others had charged her with adultery, together with the testimony of a third person

that he heard defendant charge plaintiff with adultery, would be sufficient, in the absence of contradictory evidence, to justify a divorce to the plaintiff on the ground of cruel treatment. p. 113.

2. DIVORCE.—*Cruel Treatment.* — *Evidence.* — *Review.*—Where the testimony of plaintiff in a divorce action, and of the witnesses in her behalf, was sufficient to show cruel treatment, but was contradicted by the testimony of the defendant, the action of the trial court in refusing a decree of divorce can not be disturbed on appeal. p. 114.

From Lake Superior Court; *D. J. Moran,* Special Judge.

Action by Otilla Rasher against Peter Rasher. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*McMahon & Conroy,* for appellant.
*Peter Crumpacker* and *Fred Crumpacker,* for appellee.

LAIRY, J.—Appellant sued appellee for divorce alleging as causes, habitual drunkenness and extreme cruelty. The case was tried on an issue formed by the general denial and there was a finding and judgment for appellee. The court overruled appellant's motion for a new trial and this ruling is assigned as error. This is the only question presented on appeal.

The only cause assigned for a new trial which has not been abandoned on appeal is that the finding of the court is not sustained by sufficient evidence. Appellant concedes that the evidence bearing upon the question of habitual drunkenness is conflicting, and that this court would not be justified in disturbing the finding upon that ground, but it is insistently urged that the evidence shows without dispute that appellee was guilty of cruel treatment of his wife and that the trial court abused its discretion in not granting her a divorce upon that ground.

Under the head of cruelty, the complaint charged that appellee had frequently used harsh, abusive, profane and opprobious language toward his wife; that he had

1. laid violent hands upon her at several times and had frequently offered to strike her, and that he had at

different times, in the presence of other persons, falsely charged her with the crime of adultery. These charges were all fully sustained by the testimony of appellant and by that of a daughter who was, at the time of the trial, about sixteen years of age. Another witness, a man who at one time boarded in the family, also testified, that he heard appellee state to a third party that his wife had been guilty of adultery. If this evidence were undisputed, it would be amply sufficient to justify a divorce in favor of the wife.

On the other hand, appellee testified that he had 2. never used any violence toward his wife and he specifically denied the statements of his wife and daughter as to the use of profane and abusive language. The evidence shows that appellant and appellee had been married and had lived together for about nineteen years before the separation occurred, and that they had one child, a daughter, who after the separation went with her mother. It appears from the evidence that, about eighteen or twenty months prior to the separation of plaintiff and defendant, a man came to their home to room and that he remained until a short time before the separation took place. This roomer came into the house with the consent of the husband and he afterwards boarded in the family with the husband's consent; but, after a time, appellee objected to his staying, and requested him to find another boarding place, which he did. The testimony offered by appellant shows that appellee charged her with adulterous relations with this boarder and that he made like charges to others; but appellee testified that he never at any time or place charged his wife with adultery and that he never did believe and does not now believe that she was guilty of such conduct. He stated, however, that he did object to certain attentions shown by this boarder to his wife, and to certain conduct on her part which he regarded as unbecoming, and that he remonstrated with her on the subject, and that she disregarded his protests. It thus appears that there is a conflict in the evidence

upon every material issue in the case. The trial court saw the witnesses and observed their appearance and conduct while testifying; and, for this reason, its opportunities for reaching a correct result from the conflicting testimony was far superior to those of a court of review.

This court is unable to say that the trial court abused the discretion vested in it in refusing a decree to appellant. Judgment affirmed.

NOTE.—Reported in 106 N. E. 375. See, also, under (1) 14 Cyc. 699; (2) 14 Cyc. 735.